**B & L FARMS CO. et al., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 22540.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1966.

Rehearing Denied Feb. 15, 1967.

W. G. Ward, Miami, Fla., Edwin L. Hubbard, Weyman Hickey, Hubbard & Hickey, Coral Gables, Fla., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Wash., D. C., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., William A. Meadows, Jr., U. S. Atty., Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., John B. Jones, Jr., Acting Asst. Atty. Gen., Edward I. Heilbronner, I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before PHILLIPS,* JONES and BROWN, Circuit Judges.

PER CURIAM:

The facts of the suit for a tax refund from which this appeal stems are set forth in the opinion of the district court. B & L Farms Co. v. United States, 238 F.Supp. 407. The conclusions reached by the district court are correct and its judgment is free from error. That judgment is affirmed.

JOHN B. BROWN, Circuit Judge (dissenting in part):

I concur fully in the Court's affirmance of the District Court's disallowance of the claimed deductions under Sections 165 and 167, 26 U.S.C.A. §§ 165, 167. But I disagree as to § 162, 26 U.S.C.A. § 162.

The Taxpayer entity is the corporate bankrupt. On the date of adjudication the Bankrupt owed large sums for costs incurred in the growing of produce. These were admittedly "ordinary and nec-essary expenses" for "carrying on [the] trade or business," 26 U.S.C.A. § 162. On adjudication the Bankrupt lost irrevocably control over the use or disposition of corporate assets. From that moment on such assets were held irrevocably for (a) general creditors and (b) administration expenses—each and both items which may have been of an unknown amount at the time, but each of which was ascertainable in due course.

By virtue of our ruling we now hold that the Taxpayer had not "paid" these debts in the year of adjudication and that they were not "paid" until the year in which creditors received dividends. The effect of this is to give the Government a super priority for taxes—taxes not really due and, conversely, to deprive general creditors of $162,000 of assets for further distribution.

By every realistic standard the creditors were "paid" at the moment the Trustee came into possession and control of the Bankrupt's assets under the inescapable obligation to hold and distribute them (or their proceeds) to creditors. Bankruptcy law and tax law ought to coalesce to produce a realistic result.

Prior to bankruptcy the Bankrupt had kept its books and reported its income on a cash basis, on a fiscal year beginning August 1 and ending July 31. During fiscal year 1958 (ending July 31, 1958) the company incurred debts in excess of $2,500,000 for fertilizer, insecticides, and other deductible business expenses, but as the result of a freeze made no crop. On August 1, 1958, the first day of fiscal 1959, it filed a petition under Chapter XI of the Bankruptcy Act, and failing an arrangement, was adjudicated on June 26, 1959, within the same fiscal 1959 year. The Trustees in bankruptcy have applied for recovery of $162,538.73 in income taxes paid for the year ending July 31, 1956, under an asserted carry-back under Section 172 of the Internal Revenue Code of 1954. This the Government opposes because, though the property of the Bankrupt did pass to the Trus-

---

* Senior Judge, Tenth Circuit, sitting by designation.

tees within fiscal year 1959, the Trustees did not actually *pay* dividends to the creditors until a later year, beyond the permissible carry-back three-year period. From an adverse ruling of the District Court, the Trustees in bankruptcy have prosecuted this appeal.

The District Court and now this Court misconstrues the character and function of the Trustee in bankruptcy. He is far more than a mere "collection agent" for the creditors. Under Section 70a of the Bankruptcy Act, 11 U.S.C.A. § 110a, the Trustee is vested by operation of law as of the date of bankruptcy with title to all of the non-exempt property of a bankrupt. Since the Bankruptcy Act of 1867 the Congress has recognized that insolvent estates are trusts, of which the creditors are the beneficiaries,[1] and this Court has been on record since 1900 as recognizing that these estates belong to the creditors.[2] That the Trustee's obligation, first, foremost, and always, is to the creditors is the consistent theme running throughout the Act. His duties to the bankrupt (as, setting aside the bankrupt's exemptions[3]) are merely incidental to the proper administration and liquidation of the estate which passes to him by operation of law for the creditors' benefit. His receipts from liquidation of the estate are taxed with the costs of liquidation and with the costs of court (called administrative costs by the District Court), it is true, but this is because the Congress has determined that the creditors, for whom the estate is administered, and not the public at large, must pay the costs directly involved, and not because the Trustee is any the less the creditors' trustee.

Section 63 of the Bankruptcy Act, 11 U.S.C.A. § 103, which matures all of the debts of the bankrupt on the date of bankruptcy (even those which, under the agreement of the parties, do not fall due until after the bankruptcy petition is filed), is the natural corollary of § 70. At the instant of bankruptcy the title to the assets vest in the Trustee, in trust for the creditors, pro rata according to the debts held by them as of that same instant. True, at that instant no creditor is entitled to receive, or to demand, from the Trustee any sum certain. The exact amount each creditor will receive must await the converting of the property to cash and the payment of the costs. But mere postponement of enjoyment has never been held to disqualify an interest as "property."[4]

As the District Court has observed, payment in cash *or its equivalent* has long been recognized. The transfer by operation of law of the assets of the bankrupt to the trustee amounted to exactly that.

I would reverse the case.

## ON PETITION FOR REHEARING

### PER CURIAM:

The appellants have petitioned the Court for a rehearing and rely upon Nicholas, trustee, v. United States, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853, to support their contention that the opinion and decision of the Court are wrong. Our consideration leads to the conclusion that the Nicholas case does not require any change of position on the part of the Court. The petition for rehearing is

Denied.

JOHN R. BROWN, Circuit Judge, dissents.

---

1. Section 44 of the Bankruptcy Act, 11 U.S.C.A. § 72; 2 Collier on Bankruptcy, para. 44.01.

2. Atkins v. Wilcox, 5 Cir., 105 F. 595, 53 L.R.A. 118; 5 Am.B.R. 313.

3. Section 47a(6) of the Act, 11 U.S.C.A. § 75a(6).

4. Sharing in the distribution of the estate is contingent upon the timely filing of a claim. Section 57n of the Act, 11 U.S.C.A. § 93n, requiring the filing of claims within six months of the first date set for the first meeting of creditors is nothing more than a statute of limitations, and cannot be construed as any divestment of ownership of the property as of the date of bankruptcy.